NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4074
_____

UNITED STATES OF AMERICA

v.

RICHARD BROWN,
a/k/a Christopher Johnson

RICHARD BROWN,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2-12-cr-00202-001)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2014
_____

Before: RENDELL, GREENAWAY, JR., and SLOVITER, *Circuit Judges*.

(Opinion Filed: December 15, 2014)
_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*.

Richard Brown ("Brown" or "Appellant") pled guilty to one count of possession

of a firearm by a convicted felon, and two counts of distribution and possession with intent to distribute a quantity of cocaine base. The District Court sentenced Brown to a term of 210 months' imprisonment. Brown now attacks both the substantive and procedural reasonableness of the District Court's sentence. For the following reasons, we will affirm the District Court's judgment of conviction.

## I. FACTUAL BACKGROUND

In August 2009, Brown obtained a handgun from Jamie McClellan ("McClellan"), a co-defendant in this case, in exchange for three grams of crack cocaine. This transaction occurred at the home of Kevin Gardner ("Gardner"), a confidential informant for the Government. Brown left the handgun at Gardner's home, but confirmed that the handgun belonged to him in subsequent recorded phone calls with Gardner.

A month later, agents with the Bureau of Alcohol, Tobacco and Firearms set up a surveillance camera inside Gardner's home, and captured both audio and video recordings of Brown selling 4.9 grams of crack cocaine to Gardner.

Based on the quantum of evidence, Brown pled guilty to one count of possession of a firearm by a convicted felon, and two counts of distribution and possession with intent to distribute crack cocaine.

At sentencing, the District Court imposed enhancements on Brown's sentence

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

based on Brown's three prior state court felony convictions involving controlled substances.[1]  The District Court applied a downward adjustment for acceptance of responsibility.  Based on a category VI criminal history, Brown's advisory Guidelines range was 210 to 262 months' imprisonment.  The District Court properly considered several § 3553(a) factors, including the offense's nature and circumstances, Brown's history and characteristics, deterrence, and training.  Ultimately, the District Court imposed a sentence of 210 months' imprisonment.[2]

## II. ANALYSIS

We review sentences "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  "[W]e are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).[3]

---

[1] The enhancements were for (1) career offender status, because this case involves drug distribution, and (2) armed career criminal status because Brown pled guilty to an offense under 18 U.S.C. § 922(g)(1).

[2] The District Court had jurisdiction under 18 U.S.C. § 3231.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[3] When no objection is made in the District Court, sentencing procedure is reviewed for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014).  However, "[b]ecause defendants sentenced before the issuance of [*Flores-Mejia*] had not been warned that they had a duty to object to the sentencing court's procedural error after sentencing, we will not apply this new rule retroactively and will, instead, review for abuse of discretion. Applying that standard, we have held that a district court

Under our three-step sentencing framework, district courts must: (1) "calculate a defendant's Guidelines sentence precisely as they would have before [*United States v. Booker*, 543 U.S. 220 (2005)]," (2) "'formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure,'" and (3) "'exercise [] [their] discretion by considering the relevant [§ 3553(a)] factors'. . . in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines." *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (quoting *United States v. King*, 454 F.3d 187, 196, 194 (3d Cir. 2006) (alterations in original)).  Under the third step, the District Court "must 'acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis.'" *Flores-Mejia*, 759 F.3d at 256 (quoting *United States v. Begin,* 696 F.3d 405, 411 (3d Cir. 2012)).

Here, the District Court properly applied this framework.  First, the Court determined the advisory Guidelines range.  Counsel for the Appellant indicated that he and his client understood the Court's assessment of the range, and no departure motions were made.  Before imposing the sentence, the Court considered several § 3553(a) factors, including inter alia, the nature and circumstances of the offense, the Appellant's history and characteristics, deterrence, and training.  Accordingly, there was no procedural error.

---

abuses its discretion when it fails to give 'meaningful consideration' to an argument advanced by the defendant." *Id.* at 259.

We next consider the substantive reasonableness of the sentence. Our review of the application of the § 3553(a) factors is "highly deferential." *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007). Moreover, "[w]e may not substitute our judgment for the sentencing court's." *Id.* Indeed, even if this Court would have imposed a different sentence, we must not do so as long as any reasonable court could have imposed the given sentence. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). Although Appellant sought a sentence below the Guidelines range, the Court properly considered the § 3553(a) factors in denying this request and imposing a sentence at the bottom of the Guidelines range and explained its reasons for doing so. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *Levinson*, 543 F. 3d at 196 (the district court's explanation must be "sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)"). Thus, this sentence is not substantively unreasonable.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment of conviction.